AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>WILLIE BRINSON III<br><br>*Defendant(s)* | )<br>)<br>) Case No. 21-6480-Hunt<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the dates of __May 3, 2021__ in the counties of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm and Ammunition by a Convicted Felon |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Arthur G. Hayes, Special Agent, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 via Telephone.

_____
*Judge's signature*

City and state: __Fort Lauderdale, Florida__    Patrick M. Hunt, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Arthur G. Hayes, being duly sworn, depose and state as follows:

### INTRODUCTION AND OFFICER BACKGROUND

1.  I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since March 2016. I am currently assigned to the High Intensity Drug Trafficking Area ("HIDTA") North Field Office in the Miami Field Division. I attended the Federal Law Enforcement Training Center where I completed both the Criminal Investigator Training Program and ATF Special Agent Basic Training. As an ATF Special Agent, my responsibilities include participation in investigations involving a variety of federal crimes in violation of the United States Code including, but not limited to, federal firearms offenses in violation of Title 18, and federal controlled substance offenses in violation of Title 21. I am a "federal law enforcement officer" as defined by Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I have participated in investigations of state and federal firearms violations, illegal narcotics trafficking, illegal domestic and international firearms trafficking and armed drug trafficking. As a result of my training and experience as a Special Agent, I am familiar with federal criminal firearm and controlled substance statutes, specifically 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841.

2.  Your affiant makes this Affidavit in order to establish probable cause to believe that on or about May 3, 2021, in the Southern District of Florida, **Willie Brinson III (hereinafter, "BRINSON")**, did knowingly and unlawfully possess a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

3. The statements contained in this Affidavit are based on my personal knowledge, as well as information provided by other individuals, including other law enforcement officials and my review of records and other evidence obtained during the course of this investigation. I have included only those facts that I believe are necessary to establish probable cause in support of an arrest warrant.

## PROBABLE CAUSE

4. On or about May 3, 2021, a Hallandale Beach Police Department ("HBPD") Captain attempted to conduct a traffic stop based on a traffic infraction, on a red GLC Mercedes Benz with Florida tag "NFEB69" ("the Vehicle"). At the time, the Captain observed Willie Brinson III ("BRINSON") as the operator and sole occupant of the Vehicle.[1] Upon effectuating lights and sirens to conduct the traffic stop, the Vehicle continued to drive away from the officer, fleeing.

5. The Captain called for back-up indicating that the Vehicle was fleeing. Upon back-up arriving behind the Captain's car, the Vehicle continued to flee without stopping, despite law enforcement's lights and sirens. Law enforcement lost sight of the Vehicle as it turned the corner. Once law enforcement caught up with the Vehicle, the officers observed that the Vehicle had collided with a parked vehicle at a residence. The Vehicle was rendered inoperable following the collision. BRINSON was not located in the Vehicle. A witness, however, informed law enforcement that an individual exited the Vehicle following the collision and fled on foot.

---

[1] A query confirmed the Vehicle is registered to BRINSON. What is more, at the time the Captain observed BRINSON driving the Vehicle prior to the effectuation of the traffic stop, BRINSON was leaving the area where he was currently residing.

6. In plain view, on the front passenger seat, was a black handgun identified as a Glock, Model 22, 40 caliber firearm, bearing serial number KVZ181. The firearm was loaded with one (1) S&W .30 Hornady round of ammunition in the firearm's chamber, and had a magazine in it which contained four (4) Winchester 40 S&W rounds of ammunition. A records check confirmed the firearm was reported stolen.

7. Law enforcement collected DNA swabs from a variety of items from the scene and submitted the items for DNA analysis. Results confirmed that BRINSON's DNA was present on a number of items including the driver's side airbag, the steering-wheel airbag, the firearm, and the magazine.

8. A criminal history records check revealed that, prior to May 3, 2021, BRINSON had been convicted of one (1) or more crimes punishable by imprisonment exceeding one year (felony offense). For example, on or about October 3, 2014, BRINSON was convicted of Burglary of a Dwelling and Battery on a Law Enforcement Officer, and sentenced to 2 years' and 6 months' Florida state prison. Based on the length of time BRINSON served in prison for the aforementioned conviction, BRINSON knew he was a convicted felon.

9. Furthermore, an examination of the firearm and ammunition recovered from BRINSON's Vehicle, and identified in Paragraph 6, confirmed them to have been manufactured outside the State of Florida. Thus, the firearm and ammunition must have traveled in and affected interstate or foreign commerce prior to May 3, 2021.

## CONCLUSION

10. For the abovementioned reasons, your affiant submits there is probable cause to believe that on or about May 3, 2021, in the Southern District of Florida, **Willie Brinson III** (**"BRINSON"**), did knowingly and unlawfully possess a firearm and ammunition in and affecting

interstate and foreign commerce, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

**FURTHER YOUR AFFIANT SAYETH NOT.**

Respectfully submitted,

Arthur G. Hayes, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone, on this 23rd day of August, 2021, at Fort Lauderdale, Florida

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

4